UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| OTIS CARR and CONNIE BAKER,  ) | |
| on behalf of themselves and others similarly situated,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | No. 09-2861-STA-cgc |
| ) | |
| TAJ INVESTMENTS INC., a foreign corporation, and  ) | |
| SANTINDER SHARMA, individually,  ) | |
| ) | |
| Defendants.  ) | |

---

### ORDER ON PLAINTIFFS' SHOW CAUSE RESPONSE
---

Before the Court is Plaintiffs' Response to the Court's Supplemental Show Cause Order (D.E. # 17) filed on January 31, 2011. The Court entered a supplemental show cause order in this matter directing Plaintiffs to show cause as to why they did not serve Defendants within 120 days of the filing of their Complaint. For the reasons stated below, the Court finds that Plaintiffs have shown good cause for not complying with Federal Rule of Civil Procedure 4(m).

### BACKGROUND

On December 30, 2009, Plaintiffs Otis Carr and Connie Baker filed a Complaint (D.E. # 1) against Defendants Taj Investments, Inc. ("Taj") and Santinder Sharma ("Sharma"), alleging claims for overtime compensation due under the Fair Labor Standards Act ("FLSA"). The record in this case indicates that summons was executed upon each Defendant on May 7, 2010, more than 120 days after the filing of the Complaint. However, to date, Defendants have failed to answer or respond in any way to Plaintiffs' Complaint. When Plaintiffs failed to take any

additional action, the Court entered an order on December 9, 2010, directing Plaintiffs to show cause as to why their case should not be dismissed.

Plaintiffs filed a response (D.E. # 12) to the Court's order on December 14, 2010.[1] In the response brief, counsel for Plaintiff indicated an intention to seek entry of default as to both Defendants. Otherwise, Plaintiffs did not address the reasons why they had not served Defendants within the 120-day deadline imposed by Rule 4(m). On December 31, 2010, Plaintiffs filed a motion for entry of default (D.E. # 14). The Clerk of Court entered default against both Defendants on January 4, 2011. The Court entered a Supplemental Show Cause Order on January 24, 2011, directing Plaintiffs to explain why the Complaint was not served within 120 days of filing.

In their response to the Supplemental Show Cause Order, Plaintiffs state that the original summons in this case contained local addresses for Defendants. Those summons were returned unexecuted to counsel for Plaintiff on April 7, 2010, with the explanation that Defendants no longer resided in Memphis, Tennessee. The same day, counsel caused alias summons to be issued, which were served on Defendants at their current addresses in Chicago, Illinois. Plaintiffs concede that the Defendants were served eight days after the 120-day deadline. Counsel explains that an extension of the time for service was not sought sooner because counsel "mistakenly calculated the end of the 120 day period from the date of the issuance of the original summons," which was January 19, 2010, and not from the date on which the Complaint was filed. Counsel states that Plaintiffs would have moved for an extension of time but for this

---

[1] Attorney Justin Ross entered a Notice of Appearance (D.E. # 11) on behalf of Plaintiffs on the same day. Attorney Jennifer Bermel then filed a motion to withdraw as counsel for Plaintiffs on December 15, 2010. That motion remains pending.

2

mistake.  Based on this cause and for the other problems related to serving Defendants in Illinois, Plaintiffs ask that the Court not dismiss the case for failure to effect timely service.

## ANALYSIS

Federal Rule of Civil Procedure Rule 4(m) governs the length of time permitted for service of process and states in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court -on motion or its own after notice to the plaintiff- must dismiss the action without prejudice against the defendant or order that service of process be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[2]

A plaintiff bears the burden of establishing good cause for failure to adhere to the 120-day deadline for service.[3]  In the absence of a showing of good cause, failure to timely serve a defendant mandates dismissal.[4]  Inadvertence or half-hearted efforts to serve do not constitute good cause.[5]  "Failure to disclose any effort, even a minimal one, to effect timely service makes for an insufficient showing of good cause."[6]

Plaintiffs admit that they failed to serve Defendants within 120 days of the filing of the Complaint.  However, the Court finds that Plaintiffs have shown good cause for their failure to effect timely service.  Plaintiffs have shown that they had summons issued and made attempts to

---

[2] Fed. R. Civ. P. 4(m).

[3] *Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 520-21(6th Cir. 2006).

[4] *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

[5] *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

[6] *Brogdon v. U.S. Dept. of Agriculture*, No. 06-2314, 2006 WL 3246037, at *1 (W.D. Tenn. Nov. 7, 2006) (citing *Bush v. City of Zeeland,* 74 F.App'x 581, 583 (6th Cir. 2003), *cert. denied,* 541 U.S. 1072, 124 S.Ct. 2415, 158 L.Ed.2d 982 (2004)).

serve Defendants well before the deadline for service.  At that time Plaintiffs believed that Defendants resided in this District and had summons issued for Defendants to be served locally.  When those efforts failed, Plaintiffs caused alias summons to be issued, still within the 120-day period.  Counsel admits that there was an error in judgment about when the 120-day period began.  Although an error of counsel generally does not constitute good cause for missing a deadline, the Court finds that the error in this case did not prejudice Defendants' rights in any way.  More importantly, Defendants were in fact served, albeit eight days after the deadline.  Defendants have never appeared in this case to challenge the service of process or otherwise shown how they were prejudiced by the additional eight days it took Plaintiffs to serve them.  In light of Plaintiffs' diligent efforts to have Defendants served and the lack of prejudice to Defendants, the Court finds good cause to extend the time for service by eight days.

Having satisfied itself that it has jurisdiction over these Defendants,[7] the Court holds that the Clerk's entry of default on January 4, 2011 was proper. Plaintiffs are directed to proceed accordingly.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 9, 2011.

---

[7] *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Bd.*, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. July 11, 2000) (concluding that district court did not have jurisdiction to enter default against a defendant who was not served within the 120-day period).